```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| KAHRIS DIANNE WHITE MCLAUGHLIN,<br>          Plaintiff,<br><br>          v.<br><br>THE CAMBRIDGE SCHOOL<br>COMMITTEE, et al.,<br>          Defendants, | CIVIL ACTION<br>NO. 24-10413-WGY |

YOUNG, D.J.                                          March 25, 2024

### MEMORANDUM AND ORDER

Plaintiff Kahris Dianne White McLaughlin this action by filing her self-prepared complaint with an Application to Proceed in District Court Without Prepaying Fees or Costs (also known as a motion for leave to proceed in forma pauperis). Doc. Nos. 1 - 2.  On March 22, 2024, White McLaughlin filed motions seeking leave to amend the complaint and to submit exhibits on a USB thumb drive.  Doc. Nos. 5 - 7.

For the reasons set forth below, White McLaughlin's motions are denied.  If plaintiff wishes to proceed with this action, she must (1) either pay the filing fee or file a renewed motion for leave to proceed in forma pauperis by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by supplemental information; and (2) file an amended complaint.

**I.      Motion for Leave to Proceed In Forma Pauperis**

A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $55 administrative fee; or (2) or file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed in forma pauperis). See 28 U.S.C. §§ 1914(a); 1915(a)(1).

A person seeking to proceed in forma pauperis in a federal district court must submit a financial affidavit that identifies all of the litigant's assets and shows that she is unable to pay the filing fee.  See 28 U.S.C. § 1915(a)(1).  The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the plaintiff. Fridman v. City of New York, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982)).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [in forma pauperis] statute" and the [in forma pauperis] statute does not require an individual to "contribute ... the last dollar they have or can get." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the

[2]

'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" Fridman, 195 F. Supp. 2d at 537 (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

In her motion for leave to proceed in forma pauperis, White McLaughlin represents that she earns $70,000 but fails to indicate the pay period and does not disclose her employer's name and address.  She also represents that she receives $1,3000.00 per month from rent payments, interest, or dividends. However, she fails to describe the source of money and fails to indicate whether or not she received income from other sources during the past 12 months. Also, she states the amount of her monthly expenses, but fails to describe such expenses.  Based upon plaintiff's financial disclosures, it appears that she has funds to pay the filing fee for this action.

If White McLaughlin wishes to proceed with this action, she must (1) either pay the filing fee or file a renewed motion for leave to proceed in forma pauperis by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by supplemental information that demonstrates how she is provided the basic necessities of life, including support she receives from other individuals such as a spouse or other next friend.

**II.  Motions to Amend**

White McLaughlin seeks leave to file an amended complaint. At this early state of litigation, plaintiff is entitled to amend her complaint as a matter of course.  Motions to amend pleadings before trial are governed by Rule 15(a).  "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Thus, plaintiff's motions to amend are denied as moot.

To the extent White McLaughlin seeks to submit exhibits on "a Flash Drive", Doc. No. 7, such request will be denied.  White McLaughlin references the cost of reproducing such documents. However, White McLaughlin is advised that the notice pleading rules embodied in Rule 8 of the Federal Rules of Civil Procedure require that a plaintiff's pleading, at minimum, "'give the defendant fair notice of ... at least ... minimal facts as to who did what to whom, when, where, and why.'" Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004)).

Plaintiff is not obligated to attach exhibits to her pleadings and she should write out a complete statement of her claim(s) in any amended complaint.

### III. Conclusion

In accordance with the foregoing, the pending motions are denied. If White McLaughlin wishes to proceed with this action, she must (1) either pay the $405 filing fee or file a renewed motion for leave to proceed in forma pauperis by submitting a completed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by supplemental information; and (2) an amended complaint. Failure to comply with these directives on or before April 15, 2024, will result in the dismissal of this action.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

[5]