```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                                    )
KAHRIS DIANNE WHITE MCLAUGHLIN,     )
                                    )
                    Plaintiff,      )
                                    )
          v.                        )    CIVIL ACTION
                                    )    NO. 24-10413-WGY
THE CAMBRIDGE SCHOOL COMMITTEE,     )
                    Defendant.      )
_____)
```

YOUNG, D.J.                                          October 7, 2024

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

Before the Court is the Defendant, the Cambridge Public School Committee's ("the School Committee"), motion to dismiss, Mot. Dismiss, ECF No. 21, the Third Amended Complaint,[1] Third Am. Compl., ECF No. 14, the School Committee's supporting memorandum of law, Mem. Law. ("Mem."), ECF No. 22, and the Plaintiff,

---

[1] The Court construes White-McLaughlin's letter, ECF No. 14-1, requesting "to have the Court accept [her] amendment where [she has] decided to only serve the Cambridge School Committee," attaching the Third Amended Complaint as an unopposed motion to amend the complaint. See Fed. R. Civ. P. 15. The parties have treated the Third Amended Complaint as the operative pleading and therefore the unopposed motion is allowed, and the Court ruled at the September 17, 2017 hearing that the Third Amended Complaint is the operative pleading. See Elec. Clerk's Notes, ECF No. 26.

Kahris Dianne White Mclaughlin's ("White Mclaughlin") untimely[2] opposition ("Opp." or "Opposition"), ECF No. 24.  A hearing on the motion to dismiss was held on September 17, 2024, at which the School Committee's counsel and White presented their arguments on the motion.  See Elec. Clerk's Notes, ECF No. 26.  The Court took the matter under advisement.  Id.

While the Court does not doubt the sincerity of White McLaughlin's belief in her claims, after careful consideration of the parties' submissions, and arguments the action is dismissed primarily because some of the claims do not belong to the plaintiff, some are unexhausted, and others time barred.  Alternatively, the Third Amended Complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Accordingly, for the reasons stated below, the motion to dismiss is hereby ALLOWED in part, and DENIED in part

---

[2] White McLaughlin's opposition was due on June 28, 2024, but filed almost two months late without explanation or excuse on August 19, 2024.  The Court, in its discretion accepts the late filing only to the extent it is construed as an opposition to the motion to dismiss, as no objection to its late-filing has been filed.  To the extent that White McLaughlin seeks to amend the Third Amended Complaint through her opposition, this is improper and denied.  Finnegan v. Haaland, No. CV 20-12175-NMG, 2021 WL 11660436, at *3 (D. Mass. Sept. 1, 2021) (Boal, U.S.M.J.) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting LaCasse v. Aurora Loan Servs., LLC, No. 15-11672-MGM, 2016 WL 4535338, at *6, n. 7 (D. Mass. Aug. 30, 2016) (Mastroianni, J.)).  In any event, White McLaughlin's allegations in her opposition do not change the result.

[2]

as MOOT as to the arguments not addressed, and the federal claims are DISMISSED with prejudice.  As all of the federal law claims are dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims which are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  The Clerk is directed to enter a separate order of dismissal and close the case.

## II.   BACKGROUND

The Third Amended Complaint broadly recounts White's work history, among other things, as an Affirmative Action Officer in the Cambridge public school system from her hiring in 1998 through her position's elimination in June 2017.  She alleges wrongful conduct with respect to her employment and a former colleague, and racial inequity challenges in Cambridge public schools during that time period and through the present day.

For relief, White Mclaughlin seeks monetary and equitable remedies on behalf of herself, children served by the Cambridge Public Schools, and a former co-worker.  As for federal claims, the Court agrees with the School Committee that they appear to be brought, broadly, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.  White Mclaughlin also posits in her Opposition that she is pursuing a claim under the Civil Rights Act of 1866 (42 U.S.C. § 1981).

**III. ANALYSIS**

As set forth below, taking all plausibly pleaded allegations in favor of White McLaughlin, as this Court must, the action is dismissed. First, White McLaughlin cannot bring claims on behalf of others, so those claims are dismissed. Second, White McLaughlin's federal claims under Title VII are unexhausted on timeliness grounds, her Section 1983 and Section 1981 claims are time-barred, and therefore fail as matter of law. Finally, as to any supplemental state-law claims, this Court declines to exercise jurisdiction over any supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3) where the federal claims are dismissed.

**A. The Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the allegations contained in the complaint. For purposes of the motion, this Court credits well-pleaded allegations of the complaint as true and makes all reasonable inferences in favor of White-Mclaughlin. "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face,'. . ., that is, its '[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," Pitta v. Medeiros, 90 F.4th

11, 17 (1st Cir. 2024), cert. denied, No. 23-1090, 2024 WL 2883765 (U.S. June 10, 2024) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  Of course, McLaughlin-White's pro se status "militates in favor of a liberal reading" of his pleading."  Livingston v. BJ's Wholesale Club, Inc., 625 F. Supp. 3d 1, 2 (D. Mass. 2022) (quoting Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004)).  Even under this somewhat relaxed standard, White McLaughlin's "pro se status does not absolve [her] of having to comply with this Court's procedural and substantive law." Id.

### B. White Mclaughlin's Claims and Remedies Sought on Behalf of Other Non-Plaintiffs Are Dismissed Without Prejudice

White Mclaughlin pursues three broad categories of claims: (1) claims relating to alleged racial inequities of student experiences in the Cambridge Public Schools; (2) claims relating to a former colleague and (3) claims that are personal to White-McLaughlin's employment.  As to the first two categories, no matter how sincere White-Mclaughlin believes in her claims on behalf of others, she cannot represent others in this action as a pro se, non-attorney plaintiff.  "Although 28 U.S.C. § 1654 permits persons to proceed pro se, this provision does not allow unlicensed lay people [non-attorneys] to represent . . .any other individuals."  Pineda v. Dep't of Children & Families, No. CV 16-12229-WGY, 2016 WL 6661143, at *2 (D. Mass. Nov. 9, 2016)

[5]

(citing Feliciano v. DuBois, 846 F.Supp. 1033, 1039 (D.Mass.1994)); see also Local Rule 83.5.5(b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). Accordingly, all claims brought by White Mclaughlin on behalf of any other persons, including "Suggested Remedies" 1, 2, 3, 4, and 5, and compensation or other remedies requested on behalf of Adrian Munoz-Bennett, Third Am. Compl. 51-52, are hereby DISMISSED without prejudice.

### C. White Mclaughlin's Title VII Claims Are Dismissed With Prejudice

White McLaughlin's employment claims are dismissed because under federal law, she "must exhaust administrative remedies before filing a suit in federal court under Title VII, including by filing a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice or within 300 days of the alleged unlawful employment practice if the plaintiff instituted proceedings with a state or local agency 'with authority to grant or seek relief from such practice' first." Hussey v. E. Coast Slurry Co., LLC, No. CV 20-11511-MPK, 2023 WL 2384018, at *1 (D. Mass. Mar. 6, 2023) (Kelley, M.J.) (quoting 42 U.S.C. § 2000e-5(e)(1); and citing Flaherty v. Entergy Nuclear Operations, Inc., 946 F.3d

41, 56 n.15 (1st Cir. 2019); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999)).  As part of her Title VII exhaustion requirements, White McLaughlin was required to "wait for a right-to-sue letter from the EEOC, after which . . . [she had] . . . 90 days to commence suit in federal court. Vera-Lopez v. Commonwealth Of Puerto Rico, No. CV 23-1168 (RAM), 2024 WL 3937254, at *6 (D.P.R. Aug. 26, 2024); 42 U.S.C. § 2000e-5 (f)(1).  "While failure to exhaust administrative remedies will bar a plaintiff from bringing suit in federal court, exhaustion is not a jurisdictional requirement. Therefore, the appropriate grounds for dismissal is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." Innocent v. HarborOne Bank, 319 F. Supp. 3d 571, 572 n. 2 (D. Mass. 2018) (Hilllman, J.), aff'd, No. 18-1814, 2019 WL 13219629 (1st Cir. June 25, 2019).

　　The School Committee argues that the Third Amended Complaint contains no allegations that White McLaughlin has even attempted to exhaust her administrative remedies with the Equal Employment Opportunity Commission or Massachusetts Commission Against Discrimination.  Mem. 6, n. 6.  True enough.

　　In her Opposition, however, White-Mclaughlin claims to be bringing "de novo" an earlier civil action, apparently White Mclaughlin v. Cambridge Public Schools, Civ No. 20-10919-FDS

("the Earlier Action").³  In the Earlier Action, White McLaughlin attached an EEOC Right-to-Sue Letter mailed February 13, 2020, Earlier Action, Compl. Ex. 2 14, ECF No. 1-2.⁴  The Earlier Action broadly raises the claims raised here.  See generally, Complaint and Amended Complaint, Earlier Action, ECF Nos. 1 and 4, respectively.  The Earlier Action was dismissed without prejudice on December 4, 2020 for failure to show cause why White McLaughlin did not comply with the Court's deadlines and failure to serve "any version of the complaint" on the defendants.  Earlier Action Elec. Order Dismissing Case, ECF No. 12.  White McLaughlin claims that the Earlier Action was dismissed because she "made some procedural errors," that her "appeal was unsuccessful" but was "told that [she] could submit [her] claim de novo and this [action] is the result."  Opp. 21.  A review of the record confirms the Earlier Action's dismissal was affirmed by the First Circuit on August 13, 2021 and mandate issued on September 3, 2021.  USCA Judgment, Earlier Action, ECF No. 20; Mandate, Earlier Action, ECF No. 21.

---

³ White Mclaughlin references the First Circuit docket, Case No. 21-1001, which is an appeal of the Earlier Action.  Opp. 1. The Earlier Action is not, of course, reopened or revived by filing this action.

⁴ White McLaughlin's letter, see id., is a typical "EEOC right-to-sue letter [that] explicitly states that for claims under Title VII and the ADA, the plaintiff must file a lawsuit within 90 days of the receipt of the notice." Livingston v. BJ's Wholesale Club, Inc., 625 F. Supp. 3d 1, 2 (D. Mass. 2022) (Hillman, J.).

As for this current action, the dismissal of the Earlier Action dooms her Title VII claim because "a dismissal without prejudice operates as if no suit had ever been filed." Vera-Lopez, v. Commonwealth of Puerto Rico, No. CV 23-1168 (RAM), 2024 WL 3937254, at *7 (D.P.R. Aug. 26, 2024). Thus, the 90-day timeliness requirement to file suit was not completed by filing of the Earlier Action that was dismissed without prejudice. Id.; see Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998) ("So it is here: the dismissal without prejudice of Chico-Vélez's first action doomed his ADA[5] claim because the ninety-day filing period had run."). The effect of the dismissal without prejudice is not a basis for equitable tolling. Chico-Velez, 139 F.3d at 59 ("[T]he plaintiff is wrong when he asserts that the dismissal without prejudice of an earlier action in and of itself justifies equitable tolling. To the contrary, a prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice.") Even if the pendency of the Earlier Action tolled the limitations period, the period expired shortly after the dismissal of the action. Id. Thus, White McLaughlin's

---

[5] The Court recognizes Chico-Velez refers to the 90-day exhaustion requirement under the Americans with Disabilities Act which is governed by the procedural requirements of Title VII. Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 142 (1st Cir. 2012); Livingston, 625 F. Supp. 3d at 2 & n. 1.

[9]

complaint as to her Title VII claim is untimely, and there are no allegations of equitable tolling in the Third Amended Complaint or persuasive arguments in her Opposition. Accordingly, the Title VII claim is dismissed with prejudice.

### D.  White Mclaughlin's Section 1983 Claims are Dismissed With Prejudice as Untimely

"Federal law creates a cause of action under 42 U.S.C. § 1983, which allows a plaintiff to sue persons acting under color of state law for constitutional transgressions or other violations of federal law." Martin v. Somerset Cnty., 86 F.4th 938, 943 (1st Cir. 2023). "Section 1983 does not contain a built-in statute of limitations." Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001). Accordingly, "a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action." Id. Massachusetts prescribes a three-year statute of limitations for personal injury actions, and therefore that statute of limitations applies. Id. (citing Mass. Gen. Laws ch. 260, § 2A).

"[T]he accrual date of a [section] 1983 cause of action is a question of federal law that is not resolved by reference to state law." Martin., 86 F.4th at 943 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007); Martinez-Rivera v. Cmmw. of Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016) ("Courts use federal law,

[10]

. . . to figure out when the limitation clock starts ticking"). Under federal law, accrual occurs "on the date of the knowledge of the injury." Id. (citing Nieves v. McSweeney, 241 F.3d 46, 52 (1st Cir. 2001). ("[A] section 1983 claim accrues at the moment the plaintiff knows, or has reason to know, of the injury that is the basis for the claim.")).

Absent some basis for equitable tolling -- and there is none apparent on the face of the Third Amended Complaint nor in the Opposition -- all Section 1983 claims accrued well before May 7, 2021, three years prior to the date of filing encompassing all claims here, and are therefore time barred. Well before this date, Mclaughlin was aware of the alleged harms she has suffered as her prior filings in the Earlier Action indicate. White Mclaughlin's claims that she has only recently learned of certain facts in the "past two years" and in one instance three weeks prior to filing her Opposition, Opp. 1-2, does not revive her claims. As to this most recent purported evidence, White-Mclaughlin claims that she learned of an August 2015 Cambridge School Committee meeting, "which provided a needed perspective on the Cambridge School Committee expertise in the evaluation of school superintendents, and the superintendent's understanding of evaluation and the role it plays in the school equalization process in the improvement of public schools." Id. White Mclaughlin further claims she "did

[11]

not discover the disparate treatment I was accorded when I was treated harshly by Superintendent Young, and Assistant Superintendent Huizinga was treated with compassion by some members of the Cambridge School Committee and Superintendent Young." Opp. 17. She claims that "until she viewed the two YouTube presentations of the June and August 2015 School Committee meeting [in 2023 and 2024] that was held off-site that I did not have a clear understanding of the school committee's role in my disparate treatment and its disparate impact upon my career in violation of my Title VII rights." Opp. 18. Nevertheless, McLaughlin White petitioned the MCAD by February 2018, so she was on notice of her claims of discrimination. See Opp. 20 - 21 (discussing MCAD Complaint). Plainly put, McLaughlin White's statute of limitations is not reset every time she learns of additional facts. White McLaughlin knew of her injury relating to her employment in 2017. White McLaughlin's claims surrounding allegations of racial discrimination and her employment are time-barred.

    **E.    White McLaughlin's Section 1981 Claims are Dismissed as Untimely**

In her opposition, White McLaughlin presses her claim that her rights have been violated under the Civil Rights Act of 1866. Opp. 4. Section 1981 of Title 42 of the United States Code, "originally § 1 of the Civil Rights Act of 1866, protects

the equal right of all citizens to 'make and enforce contracts.'" Aldabe v. Cornell U., 296 F. Supp. 3d 367, 372 (D. Mass. 2017) (Gorton, J.), aff'd, No. 17-2180, 2018 WL 7917918 (1st Cir. Dec. 7, 2018). "Claims brought pursuant to 42 U.S.C. § 1981 are subject to a four-year statute of limitations." James v. Cox, No. 21-CV-12098-AK, 2022 WL 2905367, at *4 (D. Mass. July 22, 2022) (Kelley, J.) (citing Buntin v. City of Bos., 813 F.3d 401, 405 (1st Cir. 2015). "[C]laims for discrimination and retaliation [under Section 1981] accrue when the alleged unlawful act 'has a crystallized and tangible effect on the employee and the employee has notice of both the act and its invidious etiology.'" Buntin, 813 F.3d at 405 (quoting Shervin v. Partners Healthcare Sys., Inc., 804 F.3d 23, 33 (1st Cir.2015).

As in Shervin, White McLaughlin has been "convinced from the outset that discrimination and retaliation were at work." Shervin v. Partners Healthcare System, Inc., 804 F.3d 23, 33 (1st Cir. 2015); see James v. Cox, No. 21-CV-12098-AK, 2022 WL 2905367, at *5 (D. Mass. July 22, 2022) (Kelley, J.) (Plaintiffs "knowledge of the allegedly discriminatory and hostile acts, together with their loudly bruited belief that the defendants' behavior was motivated by racial animus is all that was needed for their cause of action to accrue and the limitations clock to begin to tick"). Thus, the last act of purported employment

[13]

discrimination occurred in 2017, with White McLaughlin bringing an MCAD claim in 2018, and a right to sue letter issue in February 2020. The Section 1981 claims, all accruing more than four years ago, are time-barred and dismissed with prejudice.

### F. The Court Declines to Exercise Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(3)

"In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996); See 28 U.S.C. § 1367(c)(3). The Court "must take into account concerns of comity, judicial economy, convenience, fairness, and the like." Id. at 257. "It is the usual case that where all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Vazquez-Velazquez v. Puerto Rico Highways and Transportation Auth., 73 F.4th 44, 53 (1st Cir. 2023) (cleaned up). So it is here. The federal claims have all been dismissed at the earliest stage of the litigation and there are no factors that favor retention of purported state-law claims, if any. Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claims.

**G.   In the Alternative, the Third Amended Complaint Fails to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure**

The Third Amended Complaint is dismissed, in the alternative, because it fails to meet the basic pleading requirements of the Federal Rules of Civil Procedure.  Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

Here, White McLaughlin was previously informed of the basic pleading requirements of Rule 8, albeit in the context of the Court's ordering her to file an amended complaint by April 15, 2023 and the denial of her request to submit a flash drive of exhibits and in the Earlier Action.  See Order 4-5, ECF No. 8 ("White McLaughlin is advised that the notice pleading rules embodied in Rule 8 of the Federal Rules of Civil Procedure require that a plaintiff's pleading, at minimum, "'give the

[15]

defendant fair notice of ... at least ... minimal facts as to who did what to whom, when, where, and why.'") (citations omitted). She has since amended her complaint twice, once on April 22, 2024 (late), and again without leave of Court on May 7, 2024. See Second Amend. Compl., ECF No. 13 and Third Amend. Compl., ECF No. 14. As set forth above, the Third Amended Complaint is the operative pleading in this action. See n. 1, supra.

As the School Committee points out, the Third Amended Complaint is neither short nor plain, but rather a meandering, somewhat chronological narrative covering decades of alleged racial inequity in the Cambridge public schools, interwoven with the circumstances of White McLaughlin's position being eliminated on June 30, 2017. Getting to the nub of it, White McLaughlin goes too far afield of claims that are personal to her, and focuses much of her complaint on claims that she cannot bring in this Court and add nothing to claims personal to her. It is also not entirely clear which allegations pertain to the School Committee. While the Court would generally permit White McLaughlin leave to a file a motion for leave to amend the complaint, it declines to do so as she has already had an opportunity to amend, and because further amendment would be futile inasmuch as those narrow federal claims that White Mclaughlin attempts to bring here are time-barred, and the Court

[16]

will not exercise supplemental jurisdiction over state-law claims, if any.

### H.     The Remaining Grounds In the Motion are Denied as Moot

The remaining grounds are denied as moot.  The School Committee's motion to quash service is DENIED as MOOT inasmuch as the requested relief is sought by the School Committee in the alternative, "if the Court is not inclined to dismiss the complaint is its entirety."  School Committee Mem. 10.  Here, the action is being dismissed.  The motion to dismiss on the merits under the School Committee's statutory functions under Massachusetts law is DENIED as MOOT because it need not be reached where the action is dismissed on other grounds.

## IV. CONCLUSION

For the aforementioned reasons, the School Committee's motion to dismiss (ECF No. 21) is ALLOWED, all claims brought by White McLaughlin purportedly on behalf of others are DISMISSED without prejudice, White McLaughlin's federal claims are DISMISSED with prejudice, and the Court DECLINES to exercise supplemental jurisdiction over any state-law claims which are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  Ultimately, White McLaughlin's claims are unexhausted, untimely or she cannot bring them on behalf of others.  Alternatively, the Third Amended Complaint does not comply with the basic pleading requirements of the Federal Rules of Civil Procedure.

The School Committee's alternative relief to quash service and for dismissal on the merits based upon the School Committee's function under Massachusetts law are DENIED as MOOT.  The Clerk is directed to enter a separate order of dismissal and close the case.

**SO ORDERED.**

                                              /s/ William G. Young
                                                WILLIAM G. YOUNG
                                                       JUDGE
                                                     of the
                                              UNITED STATES[6]

---

[6] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.

[18]